UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KEITH JASON MAXWELL,**<br><br>　　Plaintiff,<br><br>V.<br><br>**NEWREZ LLC, AKA, AS NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING AND MTGLQ INVESTORS, L.P.,**<br><br>　　Defendants. | **CIVIL ACTION NO. 21-11588** |

### DEFENDANTS' NOTICE OF REMOVAL

NewRez LLC, fka, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, improperly named in this suit as NewRez LLC, AKA, As New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**), and MTGLQ Investors, L.P. remove the action Keith Jason Maxwell filed in the Superior Court Department of the Commonwealth of Massachusetts for Barnstable County to the United States District Court for the District of Massachusetts.

### I.　　STATEMENT OF THE CASE

1.　　On September 7, 2021, Mr. Maxwell sued in the Superior Court Department of the Commonwealth of Massachusetts for Barnstable County in the case styled *Keith Jason Maxwell v. NewRez Inc., aka as New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing and MTGLQ Investors, L.P.* and assigned civil docket no. 2172CV00323. (*See* Ex. 1, compl.) He alleges Shellpoint and MTGLQ used fraudulent and deceptive practices while servicing his loan and foreclosing the mortgage secured by 3 Holly Ridge Drive, Sandwich, Massachusetts 02563. Mr. Maxwell sues for violations of: (**1**) M.G.L. c. 93A; (2) M.G.L. c. 244; and (3) M.G.L. c. 35B. (Ex. 1, compl., pp. 3-6.) He seeks foreclosure rescission, actual damages,

injunctive relief, punitive damages, and attorneys' fees and costs.  (Ex. 1, compl., pp. 5-6.)

## II.    BASIS FOR DIVERSITY JURISDICTION

2.    The court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  *Id.* at 84.

**A.    The parties are citizens of different states.**

3.    Mr. Maxwell is a citizen of Massachusetts because that is where he is domiciled. (Ex. 1, compl., p. 1; *Rodriguez-Diaz v. Sierra-Martinez,* 853 F.2d 1027, 1029 (1st Cir. 1988) (considering physical presence in the state for domicile).)   He considers Massachusetts his home. (Ex. 1, compl., p. 1.)

4.    Shellpoint is a Delaware and New York citizen.  Shellpoint is a limited liability company and a citizen of its members' states.  *Pramoco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006).  Shellpoint is a wholly owned subsidiary of Shellpoint Partners LLC. The citizenship of a limited liability company is determined by the citizenship of each of its members.  *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006).  Shellpoint Partners' members are NRM Acquisition LLC and NRM Acquisition II LLC, both of which are wholly owned by New Residential Mortgage LLC.  New Residential Mortgage LLC is wholly owned by New Residential Investment Corporation, a publicly traded company.  New Residential Investment Corp. is a citizen of the state in which it is incorporated and has its principal place of business.  28 U.S.C. § 1332(c).  New Residential Investment Corp. is incorporated in Delaware with its principal place of business in New York

and is a New York and Delaware citizen.

5. MTGLQ is a Delaware and New York citizen. MTGLQ Investors, L.P. is a limited partnership, whose citizenship is determined by the citizenship of each of its partners. *Pramco*, 435 F.3d at 54. MTGLQ's general partner is MLQ, L.L.C., a Delaware limited liability company. MTGLQ's limited partner is The Goldman Sachs Group, Inc. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Id*. MLQ's members are The Goldman Sachs Group, Inc., a Delaware corporation, and Goldman Sachs Global Holdings, LLC. The Goldman Sachs Group, Inc. is a Delaware Corporation with its principal place of business in New York. Goldman Sachs Group, Inc. is a citizen of New York and Delaware for purposes of diversity.

6. Goldman Sachs Global Holdings, LLC is a Delaware limited liability company whose members are The Goldman Sachs & Co. LLC, a Delaware limited liability company, and Goldman Sachs Group, Inc. a citizen of Delaware and New York. The sole member of The Goldman Sachs & Co. LLC is Goldman Sachs Group, Inc., a citizen of Delaware and New York.

**B.      The amount in controversy exceeds $75,000.00.**

7. To the extent Mr. Maxwell seeks rescission of a foreclosure sale or other equitable relief, the amount in controversy is measured by the value of the object of the litigation. *See Aliberti v. GMAC Mortg., LLC*, 779 F. Supp. 3d 242, 245-246 (D. Mass. 2011). Mr. Maxwell values the subject property at over $800,000.00.  (Ex. 1, compl., p. 5.)

8. Property value aside, on the civil cover sheet filed with the complaint, Mr. Maxwell claims $19,000 in ligation fees and $980,000 for loss of title to the property, loss of use of the property, and loss of credit for a total of $999,000 in damages. *See Dias v. Genesco*, No. 18-10691, 2019 WL 1255470, at *2 (D. Mass. Mar. 19, 2019) (looking to the civil cover sheet to

determine the amount in controversy). Mr. Maxwell attributes $100,000 of his damages alone to loss of rental income. (Ex. 1, compl., p. 5).

9. Filing a 93A claim in superior court and seeking attorney's fees also independently establishes the requisite amount in controversy. Mr. Maxwell necessarily concedes he is seeking at least $25,000 by filing his complaint in the superior court. M.G.L. c. 212 § 3 ("[A]ctions may proceed in the [superior] court only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000."). In his prayer for relief, Mr. Maxwell requests the superior court treble the damages. By filing in the superior court and requesting trebling of damages, Mr. Maxwell seeks at least $75,000 exclusive of attorneys' fees and costs. *See F.C.I. Realty Trust v. Aetna Cas. & Sur. Co.*, 906 F. Supp. 30, 32 n.1 (D. Mass. 1995) (holding treble damages are a form of punitive damages and must be considered to the extent claimed in determining whether the amount in controversy requirement is satisfied.). Since M.G.L. c. 93A § 9 allows a prevailing plaintiff to recover reasonable attorneys' fees and costs, they must also be included in determining the amount in controversy. *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979). Even ignoring the $980,000 in "other" damages asserted in the civil cover sheet, or the valuation of the property of at least $800,000, Mr. Maxwell seeks at least $75,000 in damages and at least $19,000 of attorney's fees and costs. The amount in controversy exceeds $75,000.00 and the court may exercise diversity jurisdiction.

### III.   THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

10. Removal of this action is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days of defendants' receipt of the complaint, through service or otherwise. Shellpoint was served on August 6, 2018.

11. Venue is proper in this court because the United States District Court for the

District of Massachusetts embraces the place in which the state court action was pending. 28 U.S.C. § 1441(a).

12. Notice has been sent to the state court and Mr. Maxwell regarding the removal of this action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1–3**.

13. In accordance with Local Rule 81.1, defendants will file a certified or attested copy of the state court record within twenty-eight days of receipt.

14. In filing this removal, defendants do not wish to waive their rights to raise any defenses or grounds for dismissal pursuant to Federal Rule of Civil Procedure 12, or otherwise.

WHEREFORE, defendants remove this action now pending against them in the Commonwealth of Massachusetts, Superior Court Department for Barnstable County.

Dated: September 28, 2021               Respectfully submitted,

*/s/ Sean B. Cullen*
Sean B. Cullen, Esq. (BBO #663906)
GUAETTA & BENSON, LLC
P.O. Box 519
Chelmsford, MA 01824
Tel: (978) 250-0999
Fax: (978) 250-0979
Sean_cullen@guaettalaw.com
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2021, a true and correct copy of the foregoing was served as follows:

Keith Jason Maxwell
Aka: Keith Jason Hemeon
280 B Route 120
Suite 2, #162
Forestdale, MA 02644
*Plaintiff pro se*
**VIA CM/ECF AND CERTIFIED MAIL**

                                              */s/ Sean B. Cullen*
                                              Sean B. Cullen, Esq. (BBO # 663906)